968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 INSURANCE COMPANY OF NORTH AMERICA, Appellee,
v.
Timothy P. BATH and Margaret A. Bath, Appellants.
 No. 90-8083.
 United States Court of Appeals, Tenth Circuit.
 May 27, 1992.
 
 1
 Before HOLLOWAY and McWILLIAMS, Circuit Judges, and CAUTHRON, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 ROBIN J. CAUTHRON, District Judge.
 
 
 4
 The issue addressed in this appeal is whether appellants Timothy P. Bath and Margaret A. Bath have waived their right to challenge an award of attorney's fees and costs to appellee Insurance Company of North America ("INA"). The trial court adopted the findings and recommendations of the magistrate judge in an order that noted appellants had neither objected to nor appealed from the magistrate judge's findings and recommendations.
 
 
 5
 The underlying action was resolved in favor of INA in an order entered December 6, 1989, where the trial court granted INA's motion for summary judgment on its indemnity claim and awarded INA $20,979.88. The Baths did not appeal this ruling. In a motion filed January 10, 1990, INA requested attorneys fees in the amount of $22,723.42 and $2,089.95 in costs. This motion was referred to a magistrate judge, who conducted a hearing on March 13, 1990, and forwarded findings and recommendations to the district judge on April 17, 1990. Although there is no dispute that all counsel received copies of the findings and recommendation, neither the magistrate judge nor the Clerk of Court (in the District of Wyoming, these offices are held by the same individual) notified the parties of their right or duty to object to the magistrate judge's findings and recommendations, and no appeal or objection was filed.
 
 
 6
 The magistrate judge's findings and recommendations were adopted by the trial court in an order noting the Baths' failure to object. This order was entered July 12, 1991 and was followed six days later by the Baths' motion for a de novo determination. In an order entered September 12, 1990, the trial court again noted that during the three-month period before the magistrate judge's findings and recommendations were adopted the Baths had failed to object, despite the fact they were represented by counsel charged with notice and knowledge of the federal and local rules.
 
 
 7
 INA has moved to dismiss the Baths' appeal and asserts the Baths' failure to object to the magistrate judge's findings and recommendations constitutes a waiver of their right to appeal. In Niehaus v. Kansas Bar Association, 793 F.2d 1159 (10th Cir.1986), we held that an appellate court will not entertain appeals of a magistrate judge's findings unless appellant has first raised his objections before the district court. Niehaus would clearly require dismissal of this appeal. See also Thomas v. Arn, 474 U.S. 140, 156 (1985) ("court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate judge's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired."). The Baths argue they were relieved of the necessity of appeal to the District Court by the local rules.
 
 
 8
 A court may prescribe rules for the conduct of its business. 28 U.S.C. § 2071 and Fed.R.Civ.P. 83. Under Local Wyoming Court Rules, an objection to a magistrate judge's recommendation on a dispositive matter (or an appeal of a non-dispositive matter) requires action within ten (10) days. Local Court Rule 611. The same time requirement is defined in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(a). It appears to be the Baths' argument that no appeal was required because the attorney fee motion was neither dispositive nor non-dispositive and thus did not fall within the time requirements for appeal defined in Local Rule 611.
 
 
 9
 A motion for attorney's fees, even if post-judgment, should be considered a dispositive motion triggering the procedure and standard of review found at 28 U.S.C. § 636(b)(1). See Colorado Bldg. & Const. Trades Council v. B.B. Andersen Const. Co., Inc., 879 F.2d 809, 811 (10th Cir.1989); see also Weatherby v. Sec. of Health and Human Services, 654 F.Supp. 96 (E.D.Mich.1987) (post-judgment attorney fee order entered by magistrate set aside as outside scope of § 636(b)(1)(A)); cf. Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458 (10th Cir.1988) (award of attorney fees as discovery sanction is non-dispositive). Thus the Baths were required to file their objections to the findings and recommendation of the magistrate judge within 10 days, not only under Local Rule 611(b), but also Fed.R.Civ.P. 72(a) and § 636(b)(1). We have searched the record and find no justification to hold that the Baths first presented an appeal or objection to the trial court. In an attempt to distinguish Niehaus, the Baths state they raised "their objections before the District Court in both correspondence and by motion for de novo consideration." Brief of Appellants, filed May 10, 1991, at p. 48. However, this statement appears to be in conflict with statements made in other pleadings. See Appellants' Traverse to Plaintiff-Appellee's Motion to Dismiss, filed September 7, 1990 (p 7: "defendants-appellants respectfully contend here, as in the District Court, that Local Court Rule 611(a) did not require an appeal to be taken from the Magistrate's Findings and Recommendations;" p 9: "the defendants-appellants did not believe an appeal or the formal submission of written objections to the Magistrate's Findings and Recommendations was necessary"). The trial court held that the Bath's de novo motion was both untimely and failed to "identify the portions of the Magistrate's proposed findings and recommendations to which objection is made" (Order, September 12, 1990, pp. 3-4, Doc. 116). While there were communications with the trial court, these cannot be construed as rising to the level of an objection to, or appeal of, the magistrate judge's findings and recommendations. See May 30, 1990, letter from Bath's counsel to Hon. Alan B. Johnson, Att. E to Appellants' Brief filed May 10, 1991 (letter makes reference to attorney fees but does not state an intention to object or appeal); July 10, 1990, letter from INA's counsel to Hon. Alan B. Johnson, Att. A to Appellants' Brief filed May 10, 1991 (noting Baths did not object to the findings and recommendations and requesting entry of order adopting same). These communications demonstrate that the Baths had notice of the magistrate judge's findings and recommendations, but did not file objections or an appeal.
 
 
 10
 The Bathes next assert their appeal was not required because no notice of the necessity of appeal was given them as required by Local Rule 611(b). We find this notice provision applies only to unrepresented parties. In Moore v. United States, 950 F.2d 656 (10th Cir.1991), we joined other circuits in requiring the magistrate judge's order to advise a pro se litigant of the time in which any objection must be filed, as well as the effect of the failure to do so. Wyoming's Local Court Rule 611(b) is no more than a reiteration of the holding in Moore. It does not relieve represented parties of the duty to appeal the magistrate judge's recommendation. To find otherwise would put the Local Rule in contravention of the statute and Federal Rules, which is prohibited. 28 U.S.C. § 2071(a). There is no dispute that § 636(b)(1), Fed.R.Civ.P. 72(a) and Local Court Rule 611 are clear in requiring objections or an appeal of a magistrate judge's pronouncement within ten days.
 
 
 11
 We find nothing in the Local Rules which relieved the Baths of the necessity of appeal of the magistrate judge's findings and recommendation. Niehaus clearly applies to require dismissal of the appeal.
 
 
 12
 Accordingly, INA's Motion to Dismiss is granted, and the appeal is dismissed.
 
 
 
 *
 Honorable Robin J. Cauthron, United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3