**Douglas Dwight BENNETT,
Plaintiff–Appellant,**

v.

**GENERAL CASTER SERVICE OF N. GORDON COMPANY, INC.; Richard D. Cowles, Sr.; and Janice P. Cowles, Defendants–Appellees.**

No. 91–2225.

United States Court of Appeals,
Sixth Circuit.

Submitted May 8, 1992.

Decided Sept. 23, 1992.

---

Douglas Dwight Bennett, pro se.

Bruce G. Hartrick (briefed), Hartrick & Hartrick, Troy, Mich., for defendants-appellees.

Before: KENNEDY, NELSON, and BATCHELDER, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, Douglas Dwight Bennett, appeals the magistrate judge's entry of what purports to be an order awarding sanctions under Rule 11 of the Federal Rules of Civil Procedure following the district court's dismissal of his complaint for lack of subject-matter jurisdiction and this court's affirmance of that dismissal on appeal. We hold that the magistrate judge was without authority to enter this order and, therefore, reverse and remand this case to the district court.

## I.

In February of 1989, Bennett filed a *pro se* complaint against defendants-appellees, General Caster Service of N. Gordon Co., Inc., Richard D. Cowles, Sr., and Janice P. Cowles (collectively "appellees"). Alleging diversity jurisdiction, he based his complaint, which sought $25,480 in damages, on a theory of unjust enrichment for services allegedly performed for appellees. Because Bennett and all the appellees were Michigan residents, and no federal questions were raised, the district court granted appellees' Rule 12(b)(1) motion and dismissed the complaint. We affirmed on appeal and, finding the "[p]laintiff's contentions on appeal are unmeritorious and the appeal is malicious and vexatious," awarded double costs of the appeal pursuant to Fed.R.App.P. 38. *Bennett v. General Caster Serv. of N. Gordon, Co., Inc.*, 893 F.2d 1334 (Table), 1990 WL 3498, at *1, 1990 U.S.App. LEXIS 734, at *2 (6th Cir. January 19, 1990).

Following the decision on appeal, appellees moved in the district court for Rule 11 sanctions, alleging that Bennett had failed to make a reasonable inquiry as to jurisdiction prior to filing his complaint. The matter was referred to a magistrate judge, who entered an order imposing on Bennett sanctions of $1,575, which represented legal fees attributable to appellees' district court representation, including fees attributable to preparation of the Rule 11 motion and brief. Bennett appealed from the magistrate judge's order imposing these sanc-

tions, and it is this appeal that we now address.[1]

## II.

■ It is settled that a court may raise *sua sponte* at any time the issue of the appealability of a magistrate judge's order, because it goes to the reviewing court's subject-matter jurisdiction. *Ambrose v. Welch,* 729 F.2d 1084, 1085 (6th Cir.1984) (*per curiam*). We find that the magistrate judge lacked jurisdiction to enter this post-judgment order imposing Rule 11 sanctions on Bennett. Because the magistrate judge lacked jurisdiction to enter this order, the order was not appealable to this court, and the case must be remanded.[2]

The Federal Magistrates Act ("Act") vests magistrate judges with limited jurisdiction to enter orders. 28 U.S.C. § 636(b)(1)(A) provides that a district court may designate a magistrate judge to "hear and determine any pretrial matter pending before the court," subject to eight enumerated exceptions.[3] Courts have construed this list of exceptions, which involve dispositive matters, to be nonexhaustive and, therefore, also have found a magistrate judge lacks jurisdiction to enter an order in circumstances analogous to those set forth in this list. *See, e.g., Woods v. Dahlberg,* 894 F.2d 187, 187 (6th Cir.1990) (*per curiam*) (denial of motion to proceed *in for-ma pauperis* is functional equivalent of involuntary dismissal and, therefore, magistrate judge is without authority to enter order denying motion); *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1463 (10th Cir.1988) (Rule 37 order striking pleadings with prejudice is the equivalent of involuntary dismissal and district court must, therefore, undertake *de novo* review); *see also* 7–Pt. 2 *Moore's Fed.Prac.* ¶ 72.04 [2.–4], at 72–65 (1992). If the magistrate judge properly has entered an order relating to a nondispositive matter, either party may file timely objections to the order, and the district court then "shall consider such objections ... and shall modify or set aside any portion of the [magistrate judge's] order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

■ Federal Rule of Civil Procedure 72 has implemented certain provisions of the Act, including § 636. 12 Wright, Miller, & Elliott, *Fed.Prac. & Proc.* § 3076.3 (Supp.1992). Rule 72 provides, in part, that "[a] magistrate [judge] to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter." Fed.R.Civ.P. 72(a).[4] Some courts have con-

1. In light of our disposition of this case on jurisdictional grounds, it is unnecessary to address the other issues raised by the parties.

2. Where a magistrate judge purports to enter an order when issuance of a report and recommendation was the appropriate action, and the district court does not conduct the required review and then issue a final order, a reviewing court must dismiss the appeal but may remand the case to the district court for further proceedings. *See Glover v. Alabama Bd. of Corrections,* 651 F.2d 1014, 1015–16 (5th Cir. Unit B July 1981).

3. 28 U.S.C. § 636(b)(1)(A) reads as follows:
 (b)(1) Notwithstanding any provision of law to the contrary—
 (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a crim-inal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

4. The version of Rule 72 in effect at the time the magistrate judge entered the order in this case provided that if either party filed objections within 10 days of receipt of the order, the district court would consider the objections. The order, or any portion thereof, would only be set aside if "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).
 If an order is dispositive of a claim or defense of a party, unless the parties have consented under § 636(c), a magistrate judge may not enter an order. Instead, the magistrate judge must make a recommendation, which is subject to *de novo* review by the district court. Fed.R.Civ.P. 72(b); *Bergeson v. Dilworth,* 749 F.Supp. 1555, 1561 (D.Kan.1990).

cluded that post-judgment orders imposing Rule 11 monetary sanctions are not dispositive of the claims or defenses of a party and, therefore, may be entered by a magistrate judge. *See, e.g., Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990), *cert. denied sub nom. Dombroski v. F2 America, Inc.*, — U.S. —, 111 S.Ct. 674, 112 L.Ed.2d 666 (1991); *San Shiah Enter. Co., Ltd. v. Pride Shipping Corp.*, 1991 U.S.Dist. LEXIS 16046, at *14 n. 1 (S.D.Ala. October 23, 1991). We respectfully disagree with this conclusion.

Nothing in the Act expressly vests magistrate judges with jurisdiction to enter orders imposing Rule 11 sanctions on parties. Rule 72(a) authorizes a magistrate judge to enter an order only as to a "pretrial matter ..." that is not dispositive of a "claim or defense of a party."[5] In the absence of any further limiting language in the rule or the statute pursuant to which the rule was implemented, we decline to read "claim" to

encompass only the underlying substantive claim of a party and not a Rule 11 motion resulting in an award of money damages. In the present case, the magistrate judge's purported order entered pursuant to appellees' Rule 11 motion resulted in an award of money damages.[6] Nothing remained but to execute the judgment; therefore, this purported order was dispositive of the Rule 11 matter and, consequently, dispositive of a "claim" of a party.[7] Because this was a dispositive matter, under Fed. R.Civ.P. 72(b), the magistrate judge should have issued a report and recommendation for *de novo* review by the district court.[8]

■ Under 28 U.S.C. § 1291, this court has jurisdiction over appeals from final decisions of district courts. Here, because the district court did not undertake the appropriate *de novo* review of the magistrate judge's "order," there could be no final, appealable decision by the district

**5.** Section 636(b)(1)(A) confers jurisdiction on magistrate judges to determine, with certain exceptions, pretrial matters that are pending before the court. Although the Rule 11 sanctions in the present case were based on pretrial conduct, namely, the failure to make reasonable inquiry into jurisdiction prior to filing the complaint, the Rule 11 motion was not a pending pretrial matter, because it was not made until after judgment on the underlying claim already had been entered and an appeal taken. Therefore, for this additional reason, although the district court would have had jurisdiction to enter an order imposing a post-judgment award of sanctions, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 2455–56, 110 L.Ed.2d 359 (1990), the magistrate judge did not.

**6.** Rule 11 monetary sanctions can be considerable. *See, e.g., Akin v. Q–L Investments, Inc.*, 959 F.2d 521, 534–35 (5th Cir.1992) (noting that Rule 11 attorneys' fees awards can reach tens and even hundreds of thousands of dollars and remanding case to the district court for specific factual findings concerning whether sanction imposed was least severe one adequate to accomplish the purposes of Rule 11); *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991) (upholding sanctions of over $1,000,000 under Rule 11 and 28 U.S.C. § 1927), *cert. denied, Christic Inst. v. Hull*, — U.S. —, 112 S.Ct. 913, 116 L.Ed.2d 813 (1992) and *petition for cert. filed* (June 25, 1992) and *petition for cert. filed* (June 26, 1992); *Crookham v. Crookham*, 914 F.2d 1027, 1030 (8th Cir.1990) (upholding $10,000 sanction under Rule 11); *Searcy v. Houston*

*Lighting & Power Co.*, 907 F.2d 562, 565 (5th Cir.) (*per curiam*) (affirming Rule 11 sanction of $109,335.30), *cert. denied,* — U.S. —, 111 S.Ct. 438, 112 L.Ed.2d 421 (1990); *Lemaster v. United States*, 891 F.2d 115, 119 (6th Cir.1989) (*per curiam*) ($19,572.71 sanction upheld); *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 337–38 (6th Cir.1988) ($9,035.22 sanction upheld); *Fahrenz v. Meadow Farm Partnership*, 850 F.2d 207, 211 (4th Cir.1988) ($10,000 sanction upheld).

**7.** We note that Congress specifically withheld from magistrate judges jurisdiction over contempt proceedings. *See* 28 U.S.C. § 636(e); *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991). We believe civil contempt proceedings are closely analogous to Rule 11 sanctions. *See Schering Corp. v. Vitarine Pharmaceuticals, Inc.*, 889 F.2d 490, 495–96 (3d Cir.1989) ("The analogy of Rule 11 sanctions to contempt proceedings is apt. Both are designed to deter misbehavior before the Court."). This reasoning supports our conclusion that magistrate judges lack jurisdiction to enter Rule 11 orders.

**8.** We are aware that another panel of this court, in *dicta*, has made a contrary observation. *See Homico Constr. & Dev. Co. v. Ti–Bert Sys., Inc.*, 939 F.2d 392, 394 n. 1 (6th Cir.1991) ("[A] Rule 11 motion is not dispositive...."). That panel's observation concerning the nature of Rule 11 motions was not essential to the holding of that case. Therefore, we are not bound to follow that decision on this issue and respectfully decline to do so.

court.[9] Therefore, we lack jurisdiction over this appeal. *See Ambrose,* 729 F.2d at 1085 (Unless the district court has designated that the magistrate have plenary authority, and the parties have consented, "we are without jurisdiction to review the magistrate's order unless the parties have sought review in the district court."); *see also Silberstein v. Silberstein,* 859 F.2d 40, 41 (7th Cir.1988) (where magistrate denied motion for Rule 11 sanctions, but district court never reviewed magistrate's decision or entered final order, there was no appealable judgment, and appeals court was without jurisdiction over the appeal).

### III.

This appeal is dismissed for lack of subject-matter jurisdiction, and the case is remanded to the district court.

---

9. Under 28 U.S.C. § 636(c)(1), if the parties consent and the district court so designates, a magistrate judge may exercise plenary jurisdiction. Similarly, under 42 U.S.C. § 2000e–5(f)(5), in a civil rights case that the district court is unable to reach within 120 days, a magistrate judge may be appointed by the district court as a master. *See Brown v. Wesley's Quaker Maid,*

*Inc.,* 771 F.2d 952, 954 & n. 1 (6th Cir.1985), *cert. denied,* 479 U.S. 830, 107 S.Ct. 116, 93 L.Ed.2d 63 (1986). In both of these situations, a magistrate judge has the same jurisdiction as would the district court. Therefore, our holding in the present case is inapplicable to these two situations.