1 F.3d 1252
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 The SHWAYDER COMPANY and the Estate of Warren M. Shwayder,
Plaintiffs-Appellees,
v.
Gerald E. JENKINS, individually and d/b/a Turntech
Industries, Defendant-Appellant.
 No. 92-1516.
 United States Court of Appeals, Federal Circuit.
 June 4, 1993.
 
 Before MAYER, RADER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 C. Bruce Lawrence appeals an order by the United States District Court for the Eastern District of Michigan, Southern Division, No. 87-2028 (March 14, 1990), imposing sanctions against him in his capacity as trial counsel for Gerald E. Jenkins and Turntech Industries (collectively "Jenkins") pursuant to Fed.R.Civ.Pro. 11. Jenkins also appeals the district court's award of costs against it under Fed.R.Civ.Pro. 68 by the same order. We dismiss.
 
 
 2
 We review procedural matters under the law of the regional circuit where appeal from the district court would normally lie. Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1574 (Fed.Cir.1984). Accordingly, the appeal is dismissed for lack of jurisdiction in light of Bennett v. General Caster Service of N. Gordon Co., 976 F.2d 995 (6th Cir.1992). That case held that a magistrate judge lacks jurisdiction to enter an order imposing Rule 11 sanctions because that is a "dispositive matter" under Fed.R.Civ.Pro. 72(b), and "the magistrate judge should have issued a report and recommendation for de novo review by the district court." Id. at 998.
 
 
 3
 Here, while the district court ordered the imposition of sanctions, it referred the matter to a magistrate judge for determination of the amount. Lawrence appealed directly after the magistrate denied his motion for reconsideration; the district court did not review the magistrate's order. In the Sixth Circuit an award of attorney fees generally is not considered final for purposes of review until the trial court issues a final order confirming the amount. See Morgan v. Union Metal Mfg., 757 F.2d 792, 795 (6th Cir.1985). Therefore, the magistrate's order setting the amount of sanctions not having been reviewed by the district court, we do not have jurisdiction to review either the magistrate's order or the district court's March 19, 1990, order, which was not final and appealable.
 
 
 4
 If the Rule 68 issue remains viable, the district court needs to consider that Rule 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff." Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). Shwayder made its offer of judgment as counter-defendant. Although Jenkins refused Shwayder's offer, it did not obtain a favorable judgment on its claims.