7 F.3d 506
 27 Fed.R.Serv.3d 260
 Douglas MASSEY; Darryl Johnson, Plaintiffs-Appellants,
v.
CITY OF FERNDALE; Ferndale Department of Police; Patrick
Sullivan, individually and in his capacity as Chief of
Police of the Ferndale Department of Police; Officer
Gheldof, Ferndale Department of Police, Defendants-Appellees,
Comerica Bank; and Lawrence Wolf Properties, Defendants.
 No. 92-1570.
 United States Court of Appeals,
Sixth Circuit.
 Argued and Submitted Aug. 9, 1993.
Decided Oct. 12, 1993.
 
 Ernest L. Jarrett (briefed), Detroit, MI, for plaintiffs-appellants.
 Marcia L. Howe (argued and briefed), Eric D. Smith, Cummings, McClorey, Davis & Acho, Livonia, MI, for defendants-appellees.
 Before: JONES and NORRIS, Circuit Judges; and JARVIS, Chief District Judge.*
 NATHANIEL R. JONES, Circuit Judge.
 
 
 1
 Plaintiffs Douglas Massey and Darryl Johnson appeal from an award of attorney's fees and costs. They contend that the award itself was improper and that, if the award was proper, the amount of the award was excessive. We find that we do not have jurisdiction to address the merits of Plaintiffs' arguments.
 
 
 2
 * Plaintiffs were employed by Defendant Lawrence Wolf Properties[1] as security guards. They claim that, as part of their uniform, they wore utility belts to which were attached canisters of mace and shotgun shells. Massey also attached a hunting knife to his belt. Thus clad, Plaintiffs entered Defendant Comerica Bank,[2] in Ferndale, Michigan, on January 14, 1988, allegedly to cash their paychecks. Plaintiffs allege that Defendant James Gheldof,[3] an officer of the Ferndale Department of Police, who happened to be at the bank at the time, forcibly prevented Plaintiffs from leaving the bank for a time, searched them, and seized the mace and knife.
 
 II
 
 3
 In June 1988, Plaintiffs filed a civil action related to these events in the Wayne County Circuit Court. The matter was later transferred to the Oakland County Circuit Court. Apparently, after this civil proceeding was commenced, Officer Gheldof commenced a criminal investigation of the January 14, 1988 incident. On October 17, 1988, a warrant was issued charging Massey with carrying a concealed weapon.
 
 
 4
 Massey, allegedly concerned that his right to be free from self-incrimination might conflict with his duty to submit to discovery in the civil action, sought and obtained a six-month stay of the proceedings in the civil case, upon stipulation of the parties. During the pendency of this stay, Massey sought and obtained dismissal of the criminal action from the trial court. The government appealed. During the pendency of the criminal appeal, the six-month stay of the civil proceedings expired, but was renewed for another six months, upon stipulation of the parties. At the end of this second six-month period, since the criminal appeal was still unresolved, the parties, according to Plaintiffs, stipulated to another six-month stay of the civil proceedings. The trial court, however, declined to extend the stay.
 
 
 5
 Thereafter, the state appellate court affirmed the dismissal of the criminal action. The government then sought review by the state supreme court. At this point, Massey, allegedly concerned that the government might yet triumph,[4] filed a motion to voluntarily dismiss the civil action without prejudice. Defendants filed a motion to dismiss the civil action with prejudice, and sought attorney fees and costs.
 
 
 6
 On January 9, 1991, the state trial court dismissed the civil action without prejudice and conditioned refiling of the civil case upon the payment of costs. Plaintiffs appealed this order to the state appellate court, where the matter is apparently still pending.
 
 
 7
 Plaintiffs, allegedly concerned that their civil suit could otherwise be barred by the running of the statute of limitations, refiled the civil case in the Oakland County Circuit Court on June 14, 1991. On June 16, 1991, the action was removed to the United States District Court for the Eastern District of Michigan.
 
 
 8
 On November 20, 1991, Plaintiffs filed a Motion to Dismiss (without prejudice) under Rule 41 of the Federal Rules of Civil Procedure. They asserted that they wished to dismiss voluntarily because their research led them to believe that their appeal of the state trial court's order regarding costs in the civil case did in fact toll the running of the statute of limitations.
 
 
 9
 On January 30, 1992, the district court issued an order granting Plaintiffs' Motion for Voluntary Dismissal, dismissing the action without prejudice. The court also gave Defendants until January 30, 1992, to file a motion for costs incurred by them in connection with this matter.
 
 
 10
 Defendants did in fact file motions for sanctions, attorney fees, and costs pursuant to Rules 11 and 41 of the Federal Rules of Civil Procedure. This issue was referred to a magistrate judge "for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A)." J.A. at 269. The magistrate judge heard oral argument on the matter on March 10, 1992. On March 13, 1992, the magistrate judge issued an Opinion and Order denying the sanctions sought under Rule 11, but granting attorney fees and costs under Rule 41 to Defendants City of Ferndale, Ferndale Department of Police, and Patrick Sullivan, in the amount of $1497. Id. at 52.[5]
 
 
 11
 On March 23, 1992, Plaintiffs filed a Motion for Hearing and Reconsideration and/or Objections to Order of Magistrate. The district court denied it in full on April 23, 1992. Notably, the court understood the magistrate judge's order to be subject to limited review:
 
 
 12
 A motion for attorneys fees and costs is deemed to be a "non-case-dispositive", factual matter and, as such, the standard to be applied in this Court's review of the Magistrate Judge's March 13, 1992 Opinion and Order is whether the Magistrate Judge's ruling was "clearly erroneous." Johnson v. Old World Craftsmen, Ltd., 638 F.Supp. 289, 291 (N.D.Ill.1986). See also, Moore v. Secretary of Health and Human Services, 651 F.Supp. 514, 515 (E.D.Mich.1986); In re Bagnasco, 863 F.2d 47, 1988 U.S.App. LEXIS 15327 (6th Cir.1988) (unpublished opinion, text available on LEXIS.
 
 
 13
 J.A. at 59. Under this limited standard of review, the court found "no clear error and affirmed the Magistrate Judge's awards of costs and fees. Id. at 60.
 
 III
 
 14
 Though the issue is not raised by either party, we conclude that we do not have jurisdiction over this appeal. Of course, jurisdictional issues may be raised by this court sua sponte. See, e.g., Bennett v. General Caster Serv. of N. Gordon Co., 976 F.2d 995, 997 (6th Cir.1992).
 
 
 15
 * Under the authority of 28 U.S.C. § 636(b)(1)(A) (1990), a district court "may designate a magistrate to hear and determine any pretrial matter pending before the court" (emphasis added), with certain listed exceptions, namely:
 
 
 16
 (1) a motion for injunctive relief;
 
 
 17
 (2) a motion for judgment on the pleadings;
 
 
 18
 (3) a motion for summary judgment;
 
 
 19
 (4) a motion to dismiss/quash an information/indictment made by a defendant;
 
 
 20
 (5) a motion to suppress evidence in a criminal case;
 
 
 21
 (6) a motion to dismiss/permit maintenance of a class action;
 
 
 22
 (7) a motion to dismiss for failure to state a claim upon which relief can be granted; and
 
 
 23
 (8) a motion to involuntarily dismiss an action.
 
 
 24
 As we noted in Bennett, "[c]ourts have construed this list of exceptions, which involve dispositive matters, to be nonexhaustive." 976 F.2d at 997. Thus courts have found magistrate judges to be without authority, for example, to deny motions to proceed in forma pauperis, see Woods v. Dahlberg, 894 F.2d 187, 187 (6th Cir.1990) (per curiam), and to strike pleadings with prejudice as a sanction for discovery abuse under Rule 37 of the Federal Rules of Civil Procedure, see Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1463 (10th Cir.1988).
 
 
 25
 When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to "reconsider" the determination, but under a limited standard of review. 28 U.S.C. § 636(b)(1)(A). Under this standard, the magistrate judge's determination may be overturned by the district court only if it is "clearly erroneous or contrary to law." Id. Rule 72(a) of the Federal Rules of Civil Procedure implements Section 636(b)(1)(A).[6]
 
 
 26
 Magistrate judges are also expressly authorized to hear the eight motions excepted under Section 636(b)(1)(A), as well as "applications for posttrial relief made by individuals convicted of criminal offenses" and "prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B) (1990). Upon hearing, magistrate judges submit to the district court "proposed findings of fact and recommendations for ... disposition." Id. These proposed findings and recommendations are served upon all parties, who have ten days to file written objections. Then:
 
 
 27
 A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.
 
 
 28
 28 U.S.C. § 636(b)(1)(C) (1990). This statutory scheme is implemented by Rule 72(b) of the Federal Rules of Civil Procedure.[7]
 
 
 29
 Finally, "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3) (1990). Matters assigned under this provision are not subject to final determination by a magistrate judge. See Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir.1989) ("[W]e have consistently recognized that '[a] magistrate exercising "additional duties" jurisdiction remains constantly subject to the inherent supervisory power of the district judge and the judge retains the "ultimate responsibility for decision making in every instance." ' ") (citations omitted); see also Pettyjohn v. Sullivan, 801 F.Supp. 503, 505-06 (W.D.Okla.1992).
 
 B
 
 30
 Guided by Sixth Circuit precedent, we conclude that motions for sanctions, fees and costs are not to be determined by a magistrate judge. First, we have noted that such post-dismissal motions are not "pretrial matter[s]" pending before the court. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). In Bennett, we stated:
 
 
 31
 Section 636(b)(1)(A) confers jurisdiction on magistrate judges to determine, with certain exceptions, pretrial matters that are pending before the court. Although the Rule 11 sanctions in the present case were based on pretrial conduct, namely, the failure to make reasonable inquiry into jurisdiction prior to filing the complaint, the Rule 11 motion was not a pending pretrial matter, because it was not made until after judgment on the underlying claim already had been entered and an appeal taken. Therefore, for this additional reason, although the district court would have had jurisdiction to enter an order imposing a post-judgment award of sanctions, the magistrate judge did not.
 
 
 32
 976 F.2d at 998 n. 5 (citation omitted); see also Homico Constr. & Dev. Co. v. Ti-Bert Sys., Inc., 939 F.2d 392, 394 n. 1 (6th Cir.1991) ("[The district court referred the motion of the defendant for attorney fees] to the magistrate 'for a report and recommendation as to whether fees should be allowed, and if so, in what amount.' We note that, since the case was dismissed prior to consideration of sanctions, this was not a 'pretrial matter' and, thus, could not have been properly referred to the magistrate under section 636(b)(1)(A).").
 
 
 33
 Second, we have maintained that resolution of such motions is "dispositive of a claim." Fed.R.Civ.P. 72(b); see Bennett, 976 F.2d at 998 ("Nothing remained but to execute the judgment; therefore, [the magistrate judge's] purported order was dispositive of the Rule 11 matter[8] and, consequently, dispositive of a 'claim' of a party. Because this was a dispositive matter, under Fed.R.Civ.P. 72(b), the magistrate judge should have issued a report and recommendation for de novo review by the district court.") (footnotes omitted); see also Insurance Co. of N.Am. v. Bath, 968 F.2d 20 (10th Cir.1992). Consequently, we hold that the magistrate judge in the instant case did not have the authority to rule upon post-dismissal motions for sanctions, fees and costs as requested by the district court. See Weatherby v. Secretary of HHS, 654 F.Supp. 96, 97 (E.D.Mich.1987).
 
 C
 
 34
 Given this holding, the next issue we must face is whether the district court in fact made a proper determination of the fees and costs issue. If it did not, we have a situation akin to that in Bennett, where a magistrate judge ruled on a post-judgment motion that the magistrate judge had no authority to determine, and the district court did not make a proper determination on the motion. In Bennett, we found that, as a result of the lack of any valid determination of the motion, we lacked jurisdiction.
 
 
 35
 In our view, the district court did not properly treat the order of the magistrate judge as a finding and recommendation to be reviewed de novo and then determined. Indeed, the matter was referred to the magistrate judge "for hearing and determination pursuant to 28 U.S.C. section 636(b)(1)(A)." J.A. at 269 (emphasis added). Though the district court "affirmed" the decision of the magistrate judge, it did not "conduct the required review and then issue a final order," Bennett, 976 F.2d at 997 n. 2. The district court never specifically "ordered" that the findings and recommendations be "adopted." Rather, it noted that it "concur[red] in and adopt[ed]" the magistrate judge's order having specifically reviewed only for clear error, J.A. at 64; see id. at 59, and only "ordered" that "Plaintiffs' Motion for Hearing and/or Reconsideration" be denied and that the order of the magistrate judge be "affirmed." Since the magistrate judge did not have the authority to determine the matter initially, and the district court did not properly determine the matter, there is currently no proper determination of the matter, and we cannot take jurisdiction where there has been no such determination. As we stated in Bennett, 976 F.2d at 997 n. 2: "Where a magistrate judge purports to enter an order when issuance of a report and recommendation was the appropriate action, and the district court does not conduct the required review and then issue a final order, a reviewing court must dismiss the appeal but may remand the case to the district court for further proceedings."
 
 
 36
 On remand, the district court is obliged to make clear and adequate findings of fact, expressly addressing Plaintiff's specific timely objections. Otherwise, the reasonableness of the award of attorney's fees will be virtually unreviewable. See Northcross v. Board of Education, 611 F.2d 624, 636 (6th Cir.1979).
 
 IV
 
 37
 For the foregoing reasons, we DISMISS the appeal and REMAND the case to the district court for a proper de novo determination of the fees and costs issue.
 
 
 
 *
 The Honorable James H. Jarvis, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Defendant Lawrence Wolf Properties was dismissed by this court on January 21, 1993, in accordance with a stipulation of the parties
 
 
 [2]
 Defendant Comerica Bank was dismissed by this court upon stipulation of the parties on December 21, 1992
 
 
 [3]
 Sometimes spelled "Gheldoff" in the record
 
 
 [4]
 In the end, the state supreme court denied discretionary review
 
 
 [5]
 Comerica Bank and Lawrence Wolf Properties also received awards
 
 
 [6]
 Rule 72(a) provides:
 (a) Nondispositive Matters. A magistrate to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.
 
 
 [7]
 Rule 72(b) provides:
 (b) Dispositive Motions and Prisoner Petitions. A magistrate assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. A record shall be made of all evidentiary proceedings before the magistrate, and a record may be made of such other proceedings as the magistrate deems necessary. The magistrate shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties.
 A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate deems sufficient, unless the district judge otherwise directs. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions.
 
 
 [8]
 On this score, the Bennett court distinguished, as dicta, the Homico court's conclusion that "[a] Rule 11 motion is not dispositive," Homico, 939 F.2d at 394 n. 1. Bennett, 976 F.2d at 998 n. 8