UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DAVID LAWRENCE DIXON,
                    *Plaintiff-Appellant,*

v.

DARREN R. FRANCIS, individually and in his official capacity as a law enforcement official of the West Virginia State Police Crime Laboratory; THOMAS KIRK, individually and in his official capacity as the West Virginia State Police Superintendent; KENNETH W. BLAKE, individually and in his official capacity as Director of the State Police Criminal Identification Bureau; TED SMITH, individually, personal and in his official capacity as the Serology Division Supervisor; BRIAN K. COCHRAN, individually and in his official capacity as a law enforcement official of the West Virginia State Police; WEST VIRGINIA DEPARTMENT OF PUBLIC SAFETY; CONTINENTAL CASUALTY COMPANY; WEST VIRGINIA BOARD OF RISK MANAGEMENT,
                    *Defendants-Appellees.*

No. 00-7658

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Mary S. Feinberg, Magistrate Judge.
(CA-00-939-5)

Submitted: February 6, 2001

Decided: February 26, 2001

Before WIDENER and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed and remanded by unpublished per curiam opinion.

---

**COUNSEL**

David Lawrence Dixon, Appellant Pro Se. Charles Patrick Houdy-
schell, Jr., WEST VIRGINIA DIVISION OF CORRECTIONS,
Charleston, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

David Lawrence Dixon appeals from the magistrate judge's order
terminating his civil action filed under 42 U.S.C.A. § 1983 (West
1994 & Supp. 2000). Because we find that the magistrate judge did
not have authority to enter a final, appealable order on this matter, we
dismiss the appeal without prejudice for lack of jurisdiction and
remand to the district court for further proceedings.

Pursuant to 28 U.S.C. § 636(c) (1994), a magistrate judge may
enter a final order directly appealable to the court of appeals upon
consent of all parties. Otherwise, under § 636(b), a district court must

initially review the magistrate judge's order or proposed findings under either a de novo or clearly erroneous standard of review depending upon the nature of the ruling appealed. Absent an express adoption, modification, or rejection of the magistrate judge's ruling by the district court, the ruling is generally not reviewable by the court of appeals. *See Reynaga v. Cammisa*, 971 F.2d 414, 416-18 (9th Cir. 1992).

In this case, we find nothing in the record showing that the parties agreed to have Dixon's complaint decided by the magistrate judge. As a result, the magistrate judge lacked the authority to enter a final order terminating the case. *See Gleason v. Sec'y of Health & Human Serv.*, 777 F.2d 1324 (8th Cir. 1985). Accordingly, we dismiss this appeal and remand to the district court for further proceedings. *See Massey v. City of Ferndale*, 7 F.3d 506, 510-11 (6th Cir. 1993) (dismissing appeal from unauthorized order issued by magistrate judge but remanding to district court for corrective action). We dispense with oral argument because the facts are adequately presented in the material before the court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*