Mark KERR, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

No. 01–CV–10006.

United States District Court,
E.D. Michigan,
Northern Division.

Nov. 14, 2001.

Joseph F. Lucas, Skupin & Lucas, Detroit, MI, for plaintiff.

Mary S. Rigdon, U.S. Attorney's Office, Detroit, MI, for defendant.

### *ORDER VACATING ORDER OF REFERENCE*

LAWSON, District Judge.

On January 4, 2001 the plaintiff, Mark Kerr, filed a complaint seeking review of a determination by the Commissioner of Social Security denying his application for disability benefits. On April 9, 2001, pursuant to the parties' consent, the matter was referred to the Honorable Charles E. Binder, a full-time United States Magistrate Judge, for a determination of the dispute and final disposition of the case under 28 U.S.C. § 636(c)(1). Magistrate Judge Binder entered judgment in favor of the plaintiff on September 17, 2001.

On October 18, 2001, the plaintiff filed a motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. This Court referred that motion to Magistrate Judge Binder for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The matter was referred to Magistrate Judge Binder for a Report and Recommendation based on a line of authority characterized by *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993), in which the court of appeals held that magistrate judges lack authority to rule on post-dismissal motions for sanctions, fees and costs under 28 U.S.C.

§ 636(b)(1)(A), because motions of this nature are not "pretrial matters" which magistrate judges are authorized to hear and determine. Rather, the Court held, magistrate judges should issue reports and recommendations on such matters for *de novo* review by the district court. *Id.* at 509–10.

■ The case presently before the Court, however, is not controlled by *Massey* because, as noted above, the initial referral was made under the authority of 28 U.S.C. § 636(c)(1) and the parties' consent. The relevant portion of that statute states:

> Upon consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct *any or all proceedings* in a jury or non-jury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1) (emphasis added). As noted, once so designated, the magistrate judge has authority to "conduct any or all proceedings," including determination of a motion for attorney fees. "Although not a 'district judge,' the magistrate judge exercises the same jurisdiction as a district judge where there is a designation pursuant to § 636(c)." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169 (6th Cir.1993).

This Court's order of reference dated October 18, 2001, therefore, was both erroneous and superfluous. After the parties' original consent, the magistrate judge was authorized to determine the plaintiff's motion for award of attorney fees pursuant to the EAJA without any separate authorization or designation by this Court. Moreover, because the referral was pursuant to § 636(c)(1), *Massey v. City of Ferndale* does not control and the magistrate judge's proper role is to make a determi-

nation of the motion and not simply furnish a report and recommendation.

Accordingly, it is **ORDERED** that the Order of Reference to United States Magistrate Judge entered on October 18, 2001 [dkt # 19] is hereby **VACATED.** The magistrate judge shall proceed to determine the plaintiff's motion without any further order of reference or authority from this Court.