In the

# United States Court of Appeals

## For the Seventh Circuit

No. 06-3508

RICK DANIELS and ANNA DANIELS,

*Plaintiffs-Appellees,*

*v.*

LIBERTY MUTUAL INSURANCE COMPANY, *et al.*,

*Defendants,*

*and*

JOSEPH JASKOLSKI and NATIONAL
INSURANCE CRIME BUREAU,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:06-CV-213—**Rudy Lozano**, *Judge.*

ARGUED APRIL 12, 2007—DECIDED APRIL 20, 2007

Before EASTERBROOK, *Chief Judge*, and RIPPLE and
SYKES, *Circuit Judges.*

EASTERBROOK, *Chief Judge.* This is another episode
in long-running litigation commenced by Rick and Anna
Daniels, who were acquitted of insurance fraud and now
seek damages from persons who proposed or assisted the
prosecution. The Danielses filed their suit in state court,

and two of the defendants—Joseph Jaskolski and National Insurance Crime Bureau—would prefer to be in federal court. But the claim arises under state law, and the requirements of the diversity jurisdiction are not satisfied.

That has not deterred Jaskolski and the Bureau from trying to have issues, if not the whole suit, resolved in federal court. In 2003 they asked the federal court to assume management of discovery, on the ground that plaintiffs were probing too deeply into materials that had been submitted to a federal grand jury. We rejected most of their arguments and concluded that the litigation should be returned to the state court's control after a few issues had been clarified. *Jaskolski v. Daniels*, 427 F.3d 456 (7th Cir. 2005).

That defeat led Jaskolski and the Bureau to demand that the Attorney General certify that they had acted as federal employees, and within the scope of that employment, to the extent they assisted the United States Attorney. Such a certification would require the court to dismiss them as defendants and to substitute the United States in their stead; the litigation then would proceed under the Federal Tort Claims Act. See 28 U.S.C. §2679(d) (part of the FTCA known as the Westfall Act). The Attorney General concluded that the standards for substitution had not been met—but he removed the proceeding to federal court, as 28 U.S.C. §2679(d)(3) permits, so that a federal judge could decide whether this decision is sound. Section 2679(d)(3) provides:

> In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to

> be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. A copy of the petition shall be served upon the United States in accordance with the provisions of Rule 4(d)(4) of the Federal Rules of Civil Procedure. In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

The district court concluded that the Attorney General's decision is correct—that Jaskolski was not acting as a federal employee, making it irrelevant whether his acts were within the scope of that nonexistent employment. 2006 U.S. Dist. LEXIS 65896 (N.D. Ind. Sept. 14, 2006). As for the Bureau: a corporation could not be a federal "employee" on any understanding. The judge then remanded the proceeding to state court, as the last sentence of §2679(d)(3) requires.

Jaskolski and the Bureau appealed, and the Danielses have moved to dismiss that appeal under 28 U.S.C. §1447(d), which provides: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise". We deferred action while *Osborn v. Haley*, 127 S. Ct. 881 (2007), was under advisement, then received supplemental briefs concerning the effect of the Supreme Court's decision. Having considered these submissions, we conclude that §1447(d) as understood in *Osborn* makes the remand order unreviewable.

*Osborn* started out in state court. Plaintiffs acknowledged that Haley, the defendant, was a federal employee. The Attorney General removed the suit and certified that Haley had acted within the scope of his federal employment, which automatically substituted the United States as the defendant. The plaintiff asked for review, and the district court held that the Attorney General had erred—that Haley should remain the defendant in his personal capacity—and remanded the case to state court. That remand was flagrantly erroneous, for the final sentence of §2679(d)(2) says that "certification [by] the Attorney General shall conclusively establish scope of office or employment *for purposes of removal*" (emphasis added). Once the Attorney General makes a scope-of-federal-employment certification, the suit must be resolved on the merits in federal court even if the certification is mistaken.

Haley appealed, and the Supreme Court had to decide whether §1447(d) blocked review. Six Justices concluded that §2679(d)(2) must be treated as an exception to §1447(d) to prevent district judges from nullifying an Act of Congress. The Court discussed at some length "[t]he [Westfall] Act's distinction between removed cases in which the Attorney General issues a scope-of-employment certification and those in which he does not" (127 S. Ct. at 894). In the former situation, §2679(d)(2) supersedes §1447(d) because the district court has no authority to remand, no matter what the judge thinks about the propriety of the certification. In the latter, remand follows from the decision that the person seeking certification is not entitled to it. The district judge's authority to review the Attorney General's non-certification decision under §2679(d)(3) includes authority (indeed, an obligation) to remand. The Court wrapped up: "Only in the extraordinary case in which Congress has ordered the intercourt shuttle to travel just one way—from state to

federal court—does today's decision [limiting the scope of §1447(d)] hold sway." 127 S. Ct. at 896.

When the Attorney General declines to make a scope-of-federal-employment certification, the case properly may move in both directions: to federal court for review of the decision, then back to state court if the district judge finds that the Attorney General acted within his discretion. The "extraordinary case" of a statute forbidding remand does not obtain.

Jaskolski contends that the distinction between the two situations is unconstitutional, but that argument is a non-starter. Congress had a rational basis for providing that litigation be resolved in federal court once the Attorney General concludes (correctly or not) that the defendant acted within the scope of federal employment. In the absence of such a decision, however, the case presumptively belongs in state court, and appellate review may be limited in order to prevent just what has happened here: prolonged litigation about where litigation will occur, to the detriment of speedy decision on the merits.

Nonetheless, the Attorney General insists, we must review the district court's finding about "employee" status even if we cannot review the remand order. This line of argument relies on *Osborn*'s holding that a district court's resolution of a dispute about certification is a collateral order, "final" under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). See *Osborn*, 127 S. Ct. at 892-93.

Although finality is a necessary condition of appellate review (for no statute authorizes review of interlocutory decisions in this situation), finality is not a sufficient condition for appellate review. That's why, immediately after deciding that the decision was "final", the Court asked in *Osborn* whether §1447(d) blocked review of the order. If it does, then the appeal must be dismissed. An

appellate tribunal cannot review the statements in a district judge's opinion; that would be an advisory opinion. Only the district court's "final decision" is open to review. And that "decision" is the order remanding the suit to state court. When §1447(d) applies, the court must dismiss the appeal without discussing whether the district court made a mistake. See *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006). See also *In re Mutual Fund Market-Timing Litigation*, 468 F.3d 439 (7th Cir. 2006) (the decision on remand from *Kircher*). Neither Jaskolski nor the Attorney General has brought to our attention any decision in the history of the Supreme Court holding that an appellate tribunal may (let alone must) render an opinion about the merits of some dispute when it lacks authority to alter the decision supposedly being reviewed.

It is logically possible for Jaskolski to be a federal "employee" but not to have acted within the scope of his employment. That the remand could be right even if the district judge was wrong about the "employee" issue does not, as the Attorney General supposes, entitle us to opine on the subject notwithstanding §1447(d). It just reinforces the point that anything we could say would be advisory, because it would not affect the district court's order. The Attorney General does not think Jaskolski a federal employee, and even if we were to take Jaskolski's side of that dispute §1447(d) would prevent us from changing the judgment. Discussion would be so much hot air.

*Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140 (1934), on which Jaskolski and the Bureau rely for the proposition that an appellate court may address the substantive issues even if the remand is unreviewable, does not support that proposition. The holding of *Waco* is that, when one case presents two distinct claims for relief, and the district court finally resolves one while remanding the other, the claim that was *not* remanded may be

appealed within the federal system. Jaskolski and the Bureau do not propose to appeal a separate claim for relief; they seek review of an issue that arises in (and potentially matters to) a claim that arises under state law and has been remanded to state court. *Waco* is irrelevant.

According to Jaskolski and the Bureau, failure to supply appellate review of the Attorney General's non-certification decision would violate the due process clause of the fifth amendment. Yet the Supreme Court has never held that there is a constitutional right to appellate review in civil litigation. Not that §1447(d) deprives anyone of an opportunity for further review. It simply allocates litigation between state and federal tribunals and curtails the delay that (effectively) interlocutory appellate review can create. The decision is "final" under *Cohen* but the posture is nonetheless interlocutory: remand means that the suit is ongoing. As we reminded Jaskolski the last time, state courts are competent to resolve questions of federal law. 427 F.3d at 459. Jaskolski and the Bureau may pursue on appeal in state court any argument they would have made in this court. If the Court of Appeals or the Supreme Court of Indiana concludes that the Attorney General abused his discretion, then the United States would be substituted as a defendant and the case would return to federal court. And if defendants' contentions are finally rejected by Indiana's judicial system, they may petition for a writ of certiorari under 28 U.S.C. §1257(a).

The appeal is dismissed for want of jurisdiction.

A true Copy:

      Teste:

                         _____
                         *Clerk of the United States Court of Appeals for the Seventh Circuit*