# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 06-2651

JAMES H. FOSTER,

*Plaintiff-Appellee,*

*v.*

KIRK L. HILL,

*Defendant/Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 6175—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED FEBRUARY 12, 2007—DECIDED AUGUST 13, 2007

Before KANNE, ROVNER, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* Kirk Hill appeals a decision from the district court denying his petition to substitute the United States as a defendant in his place under the Westfall Act, 28 U.S.C. § 2679. Because we find that we lack jurisdiction, the appeal is dismissed.

**I. BACKGROUND**

On March 5, 2002, while working out in the fitness center at Naval Training Center Great Lakes in North Chicago, Chief Hospital Corpsman Kirk Hill took a metal weight bar, approached a stranger (plaintiff James Foster), and beat him severely. He then replaced the weight bar and walked out of the fitness center. He was arrested that evening in his home. Foster brought suit in tort against Hill in Illinois state court.

Hill filed a petition in the state court seeking to have the United States substituted in his place under the Westfall Act,[1] 28 U.S.C. § 2679(d)(3), on the grounds that he was acting within the scope of his federal employment when he attacked Foster. The Westfall Act provides that when federal employees are sued in tort for actions that the Attorney General determines were within the course and scope of their employment, the suit is deemed to be against the United States and the United States "shall be substituted" as the party defendant. 28 U.S.C. § 2679(d)(1). If the Attorney General declines to certify that the actions were within the scope of the employment, the defendant may petition the trial court to make such a finding. 28 U.S.C. § 2679(d)(3). If the United States is substituted as the defendant, the remedy against the United States is the exclusive remedy and any other action (specifically, any action against the defendant in his or her individual capacity) is precluded. 28 U.S.C. § 2679(b)(1).

---

[1] Actually, the "Federal Employees Liability Reform and Tort Compensation Act of 1988," although for obvious reasons this cumbersome name has been replaced by the shorthand of "Westfall Act" because the legislation was passed with the express purpose of overturning the result of *Westfall v. Erwin*, 484 U.S. 292 (1988). *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 425-26 (1995).

The United States removed the petition to the federal courts as is permitted under 28 U.S.C. § 2679(d)(3). The district court found that Hill was not acting within his employment duties, dismissed the petition, and remanded the case to the state court for further proceedings. *Foster v. Hill*, No. 05 C 6175, 2006 WL 1430552 (N.D. Ill. May 17, 2006). Hill appeals. Because our recent circuit precedent has established that we lack subject matter jurisdiction over appeals such as this, we must dismiss the appeal.

## II. ANALYSIS

It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case. *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). At the time that this case was briefed and argued, it was assumed that courts of appeal had jurisdiction to hear appeals from denials of Westfall Act immunity. *See, e.g., Woodruff v. Covington,* 389 F.3d 1117, 1124 (10th Cir. 2004); *Taboas v. Mlynczak*, 149 F.3d 576, 579 (7th Cir. 1998). But an intervening circuit precedent requires a different outcome.

The Westfall Act requires that if the Attorney General declines to certify that an employee was acting within the scope of employment, and if the district court agrees, then "the action or proceeding shall be remanded to the State court." 28 U.S.C. § 2679(d)(3). However, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Given that the Westfall Act mandates that the district court remand the case to the state courts once it agrees that the defendant was not acting within the scope of federal employment, the question before us is whether the general bar against appellate review of remand orders precludes review in this case.

It is settled law that § 1447(d) applies only to the reasons for remand that are enumerated in 28 U.S.C. § 1447(c). *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996) ("[O]nly remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)."); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995) ("[Section] 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)."); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976) ("[O]nly remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d).") The reasons for remand that are enumerated in § 1447(c) include defects in removal procedure and lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, the Supreme Court recently reiterated that where, as here, there is no hint of a defect in the removal procedures, then "the remand is immunized from review only if it was based on a lack of subject-matter jurisdiction." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S.Ct. 2411, 2416 (2007).

If the Attorney General had certified that the acts were within the scope of Hill's employment and the district court had disagreed with that conclusion, we would have jurisdiction. *See Osborn v. Haley*, 127 S.Ct. 881, 892 (2007). If the district court had held that Hill's actions were within the scope of his employment (regardless of whether the Attorney General agreed or disagreed) then we would not have jurisdiction to hear an appeal of that determination: it would not be a final order and therefore not subject to interlocutory appeal. *See, e.g., Theis v. Smith*, 827 F.2d 260 (7th Cir. 1987). And if the district court had explicitly based its remand decision on a lack of subject matter jurisdiction, even if incorrect, the decision would be immune from review as long as the juris-

dictional decision was "colorable." *Powerex*, 127 S.Ct. at 2418. This case represents the final possibility, one which we admit provides little case law that is directly on point. The district court denied Hill immunity, and in most cases the denial of immunity is subject to immediate appellate review. *Osborn*, 127 S.Ct. at 892-93. But the district court, as required by the Act, remanded the case to the state courts so that the litigation could proceed, but did not make any mention of a lack of subject matter jurisdiction.

This court recently had the opportunity to consider a strikingly similar case. *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007). In *Daniels*, the Attorney General declined to certify that the acts of the defendant were within the scope of federal employment, and the district court agreed. *Id*. at 886-87. We dismissed the appeal for lack of jurisdiction in light of 28 U.S.C. § 1447(d). *Id*. at 888. In *Daniels*, as in this case, the district judge made no mention of § 1447(c) to justify the decision to remand the case to the state courts, and did not specify whether the remand was based on a lack of subject matter jurisdiction, a defect in removal, or some other ground not listed in § 1447(c). *Foster v. Hill*, No. 05 C 6175, 2006 WL 1430552 (N.D. Ill. May 17, 2006); *Daniels v. Liberty Mut. Ins. Co.*, No. 06 CV 213, 2006 WL 2644949 (N.D. Ind. Sep. 14, 2006).

In dismissing the appeal in *Daniels*, we likewise did not specify whether our invocation of § 1447(d) was because the remand was for a lack of subject matter jurisdiction or for a defect in the removal process. As we noted above, repeated decisions by the Supreme Court in *Thermtron*, *Things Remembered*, *Quackenbush* and this term's *Powerex* decision have reiterated that these are the only two permissible grounds for invoking § 1447(d)'s ban on appellate review. But we did note in *Daniels* that "[t]he Attorney General . . . removed the proceeding to federal

court, as 28 U.S.C. § 2679(d)(3) permits, so that a federal judge could decide whether this decision is sound." *Daniels*, 484 F.3d at 886. This acknowledgment that removal was proper, combined with the limitations on § 1447(d), allows us only one conclusion: that the result in *Daniels* was premised on the conclusion that the district court's remand order was based on a lack of subject matter jurisdiction, despite the fact that the district court itself never stated such a conclusion.

Although this case is distinct from *Daniels* in the underlying facts of the tort action, the jurisdictional question is identical. In both cases, the Attorney General declined to certify that the defendant's actions were within the scope of his employment. In both cases the district court agreed. In both cases, the district court entered a remand order that did not cite to § 1447(c) as the grounds for remanding the decision, and was silent as to whether the remand was based on a lack of subject matter jurisdiction. Given that we construed such silence on the part of the district court in *Daniels* to imply that the court was tacitly remanding for lack of subject matter jurisdiction, a contrary result here would be inconsistent.

We are well aware of the odd procedural posture that this result will create as the case goes forward. The case will now return to state court. But because the parties have been prevented by statute from any appellate review of the district court's scope of employment decision, issue preclusion cannot be invoked in the state court on the question of whether Hill was acting within the scope of his employment when he attacked Foster. See *Kircher v. Putnam Funds Trust*, 126 S.Ct. 2145, 2156-57 (2006) ("[W]hat a state court could do in the first place it may also do on remand. . . . Collateral estoppel should be no bar to such a revisitation of the . . . issue, given that § 1447(d) prevents the funds from appealing the District Court's decision."); *see also* RESTATEMENT (SECOND) OF

JUDGMENTS § 28(1) (2007) ("[R]elitigation of the issue in a subsequent action between the parties is not precluded [when t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action."). As we recently reminded the defendant in *Daniels*, any argument that might have been made on appeal in this court can now be made in the state court on remand. *Daniels*, 484 F.3d at 888.

The nearly two years that this case has been pending in various federal courts are, in many meaningful aspects, a nullity. Congress has precluded this court from considering any appeal of a remand based on lack of subject matter jurisdiction. Our circuit precedent in *Daniels* establishes that when the Attorney General declines to certify that actions were within the scope of federal employment and the district court remands the case without clarifying the grounds for the remand, then the remand must be presumed by this court to be based on lack of subject matter jurisdiction. The case now returns to the Illinois courts where the state judge is not precluded from re-considering whether Hill's actions were within the scope of his employment. Of course, if the state court disagrees with the district court's findings, the United States will be substituted (again) and the United States can invoke removal to the federal courts (again). This, of course, seems odd.

In the interim, a federal employee will now resume defending litigation even though there is a chance that the Westfall Act purports to grant him immunity from suit. If we were permitted to consider that claim of immunity, the question could be settled once and for all. But whether this defendant should be immune from suit is a question that Congress and our circuit precedent prevent us from even considering. Meanwhile, the plaintiff has waited five years for a legal remedy, which today is no closer than it was in 2005 when the case was first

removed to the district court. As a recent concurring opinion in the Supreme Court lamented in a slightly different context, "the structure and wording of § 1447(d) (2000 ed.) leave us no other choice. There is no latitude for us to reach a different result. If it is true that the statute as written and the judgment we issue today are inconsistent with the intent and purpose Congress wanted to express, then the immediate jeopardy [to a claim of immunity] should justify urgent legislative action to enact the necessary statutory revisions." *Powerex*, 127 S.Ct. at 2421 (Kennedy, J., concurring).

### III. CONCLUSION

Accordingly, the appeal is DISMISSED.

A true Copy:

       Teste:

             _____
             *Clerk of the United States Court of*
             *Appeals for the Seventh Circuit*