**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0212n.06

**Nos. 10-1354, 10-2073**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Feb 23, 2012***

LEONARD GREEN, Clerk

FHARMACY RECORDS,  et al.,
        Plaintiffs-Appellants,

v.

SALAAM NASSAR, et al.,
        Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

O P I N I O N

BEFORE:    McKEAGUE and WHITE, Circuit Judges; and BARRETT, District Judge.[*]

**PER CURIAM.**  These consolidated appeals stem from protracted copyright infringement litigation concerning the alleged unauthorized use of a rhythm line known as "Ess Beats."  Ess Beats was allegedly created by plaintiff Shelton Rivers and allegedly used without permission in a song entitled "Shot Down" that appeared on a commercially successful album, *Grand Champ*, released by rap artist DMX in 2003.  On March 31, 2008, the district court awarded summary judgment to defendants, concluding there was insufficient evidence of unauthorized use of Rivers' actual sound recording of Ess Beats to support plaintiffs' unauthorized sampling claim.  R. 248, Opinion and Order at 35-41. The district court also grounded its ruling on a second line of analysis.  In the exercise of its inherent authority, the court imposed the ultimate sanction of dismissal of plaintiffs'

---

[*]Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

complaint based on its findings that plaintiffs and their counsel had engaged in a pattern of egregious bad-faith misconduct, including discovery abuses, misrepresentation and spoliation of evidence. Their conduct was deemed to contravene all basic notions of fairness and professional responsibility, amounting to a "campaign of fraud." *Id.* at 41-45. In an earlier appeal, the Sixth Circuit affirmed the district court's judgment, upholding the dismissal as a sanction and finding it unnecessary to reach the merits of the summary judgment ruling. *Fharmacy Records, Inc. v. Salaam Nassar*, 379 F. App'x 522 (6th Cir. 2010).

Meanwhile, the district court had taken up defendants' motion for attorney's fees, which resulted in the filing of defendants' counsel's billing records. In these records, plaintiffs purport to have found evidence that defendants' counsel perpetrated a fraud on the court. They moved the district court to set aside its judgment under Fed. R. Civ. P. 60(d)(3). The district court denied the motion in an order dated February 24, 2010, finding little evidence of fraud and nothing that undermined the essential elements of the court's judgment. R. 352, Order Denying Rule 60(d)(3) Motion; R. 356, Hearing Tr. at 33. Plaintiffs' appeal from this ruling is one of two appeals now before us. The second concerns the district court's award of attorney's fees to defendants in the amount of $546,199.89. The district court held that defendants were entitled to this award both as prevailing parties under the Copyright Act, 17 U.S.C. § 505, and as a sanction imposed on plaintiffs and their counsel for vexatious litigation under 28 U.S.C. § 1927. R. 363, Opinion and Order. Because we find no merit in either appeal, we affirm both rulings.[1]

---

[1]In conjunction with the appellate briefing in this case, the court received six motions from various individuals for leave to file amicus-curiae briefs in support of plaintiffs' appeal. Because none of the six proposed amicus briefs included the certification required by Fed. R. App. P. 29(c)(5)

## I.  Appeal No. 10-1354

The denial of plaintiffs' motion to set aside the judgment for fraud on the court is reviewed for abuse of discretion.  *Workman v. Bell*, 484 F.3d 837, 840 (6th Cir. 2007).  To show entitlement to relief, plaintiffs have the burden of presenting clear and convincing evidence that defendants' counsel engaged in conduct directed at the court:  that was either intentionally false, willfully blind to the truth, or in reckless disregard for the truth; that was either a positive averment or an act of concealment in the face of a duty to disclose; and that deceived the court in such a way as to affect the outcome of the case.  *Carter v. Anderson*, 585 F.3d 1007, 1011-12 (6th Cir. 2009); *Workman*, 484 F.3d at 840.  Entitlement to relief is circumscribed by the public policy favoring finality of judgments and termination of litigation.  *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 760 (6th Cir. 2005).

### A.  Defendants' Undisclosed Possession of Deposit Copy of CD

First, plaintiffs contend the billing records revealed that defendants' counsel had in early 2006 obtained a deposit copy of the compact disk plaintiffs submitted to the Copyright Office with their copyright application for Ess Beats.  Defendants' possession of the CD had not been disclosed, plaintiffs contend, and defendants are said to have deceptively used this nondisclosure to justify efforts to compel discovery of Shelton Rivers' original recording of Ess Beats.  These discovery efforts revealed that plaintiffs lacked reliable evidence of Rivers' original creation of Ess Beats; that their evidence was either tainted, lost or discarded.  And *these* revelations were integral to the district

---

(i.e., certifying whether the brief was authored or funded by a party or party's counsel), leave to file the briefs was denied.  None of the proposed amicus briefs were resubmitted with the required certification.

court's summary judgment ruling and dismissal of the complaint. Hence, plaintiffs in effect complain that defendants' misleading nondisclosure contributed to the court's discovery that their claim lacked essential evidentiary support.

In response, defendants explain that the deposit copy of the CD did not reveal the date of its creation. It was this fact, they contend, that necessitated their pursuit of plaintiffs' evidence of Rivers' original recording. They maintain they did not conceal anything they were obliged to disclose, did not intentionally mislead the court, and, through their discovery efforts, helped expose the evidentiary weakness of plaintiffs' claim.

The district court concluded that defendants have the stronger arguments. Indeed, plaintiffs have failed to show how the district court was misled in any way that so affected the outcome as to warrant disturbing the court's judgment under Rule 60(d)(3). We find no abuse of discretion in the district court's denial of relief on this ground.

### B. Unsigned Expert Report

Next, plaintiffs contend the billing records disclosed that defendants' counsel claimed 135 hours of work with their computer forensics expert, Ives Potrafka, whose fee was over $18,000. Noting that Potrafka's expert report, filed electronically, did not bear an actual handwritten signature, plaintiffs deduce that Potrafka did not sign the report because it did not reflect his opinion, and that the report was actually fabricated and falsified by defendants' counsel. Plaintiffs contend that Potrafka's report, now shown to be unsigned, unreliable, and fraudulent, was improperly relied on by the district court. The district court observed that it had already addressed and denied numerous challenges to Potrafka's report. The court held that the omission of Potrafka's actual signature was

merely a technical defect and that plaintiffs' objection was not timely asserted and was therefore forfeited.

Defendants' counsel conceded during appellate oral arguments that Potrafka's original report does not bear an ink signature. Still, the circumstances here relied on by plaintiffs to accuse counsel of perpetrating fraud on the court fall far short of the required clear and convincing evidence. Moreover, even if Potrafka's report were discounted, this would have no impact on the integrity of the summary judgment ruling. The district court's ruling that plaintiffs' unauthorized sampling claim lacked evidentiary support was not ultimately dependent on Potrafka's report. Potrafka is a computer forensics expert, not a musicologist. The district court cited the opinions of both sides' musicologists, Judith Finell for plaintiffs and Anthony Ricigliano for defendants, in assessing the merits of plaintiffs' claim. R. 248, Opinion and Order at 40-41. Both Finell and Ricigliano observed differences between Rivers' Ess Beats and the accused rhythm line in "Shot Down." Further, the district court noted, Rivers himself testified that his version sounded better than the "Shot Down" version. *Id.* at 40. It was these acknowledged differences that undermined plaintiffs' claim that their actual sound recording had been used without permission. *Id.* at 41. Thus, Potrafka's report, though damaging to plaintiffs' cause in other ways, did not figure into the district court's evaluation of the merits. It follows that even if Potrafka's report were discounted, the summary judgment ruling would be unaffected.[2]

---

[2]Like their appellate briefing on this issue, plaintiffs' arguments below were devoid of explanation as to how Potrafka's report related to the merits of their claim. *See* R. 327, Brief in Support of Plaintiffs' Expedited Rule 60(d)(3) Motion; R. 332, Plaintiffs' Reply Brief. Recognizing this, the district court asked plaintiffs' counsel at the hearing how the alleged misconduct by defendants' counsel affected the merits of the summary judgment ruling. Counsel's response

Potrafka's report did have a bearing on the district court's alternative ground for dismissing plaintiffs' complaint, i.e., as a sanction for abusive litigation. Potrafka examined various computer hard drives, compact disks and zip disks. He rendered four opinions. R. 327, ex. A, Potrafka Report. All four opinions were adverse, or at least not helpful, to plaintiffs' litigation positions. First, Potrafka concluded that the Fharmacy Records computer to which Rivers assertedly downloaded the original iteration of Ess Beats in late 2000 or early 2001 was not manufactured until 2003 and the hard drive in the computer was not manufactured until February 2005. Second, in Potrafka's opinion, the folder on the hard drive containing files related to Ess Beats was created in September 2006. Third, Potrafka concluded that it was impossible to determine the creation dates of Ess Beats files that he examined on a hard drive belonging to R. J. Rice. Fourth, Potrafka found that the zip disk he examined that purportedly contained Rivers' original Ess Beats files had been intentionally wiped clean of all data. *Id.* In sum, Protafka found that the materials provided to him by plaintiffs were incapable of establishing the original creation date of Ess Beats.[3]

---

consisted of one unsupported and unavailing sentence: "We have provided merit, evidence to support our position." R. 356, Hearing Tr. p. 15. The district court was not persuaded and neither are we.

[3]As indicated above, plaintiffs have not adduced clear and convincing evidence that Potrafka's report was the product of deliberately misleading conduct by defendants' counsel. Plaintiffs' suspicions, drawn from the lack of an actual signature on Potrafka's report, the size of Potrafka's fee, and the amount of time counsel spent with Potrafka, do not amount to clear and convincing evidence of misconduct. Nor did plaintiffs, when they moved the district court to set aside its twenty-month-old judgment for fraud on the court, present evidence refuting or tending to show that Potrafka's opinion about the indeterminacy of the date of Rivers' creation of Ess Beats was inaccurate or erroneous.

In conjunction with an earlier motion for relief from judgment, plaintiffs filed declarations of Hector Delgado and Kirk Jones, attesting to the fact that they had examined a zip disk from Shelton Rivers and found that it contained data (i.e., had not been wiped clean). R. 278 ex. E,

Potrafka's findings and opinions were cited by the district court as examples, among many others, of the elusive nature of evidentiary support for plaintiffs' claim, discussed under the heading, "Evidence of tampering and spoliation of evidence." R. 248, Opinion and Order at 19-22, 27. Potrafka's opinions did contribute to the district court's conclusion that plaintiffs had engaged in bad-faith litigation warranting dismissal. In the Sixth Circuit's earlier opinion affirming this ruling, the court summarized nine instances of plaintiffs' and their counsel's sanctionable misconduct. *Fharmacy Records*, 379 F. App'x at 525-26. Even if Potrafka's report were discounted—and there is no clear and convincing reason to do so—the grounds for dismissal would be diminished only slightly.[4] In other words, even if we determined the district court should have discounted Potrafka's

---

Delgado Declaration, Jones Declaration. The two declarations, each signed in July and August 2008 by a person involved in the music industry as producer and engineer for more than a decade, are nearly identical. Both declarants found that the music files on the zip disk (19 files) were created between 1998 and 2002. Each declarant found a music file entitled, according to Delgado, "Ess Beats (Tek/Hip hop) DMX Beat All-Pgm"; and according to Jones, "Teck/Hip hop All-Pgm (DMX-"Ess Beats")." And each found this music file to be identical to the beat used by DMX in "Shot Down."

These declarations are interesting but deserve little weight. Neither declarant was a computer forensics expert or a musicologist. Further, as noted by the district court, R. 271, Opinion and Order at 12-13, the fact that the name of each Ess Beats file they examined includes "DMX" undermines the assertion that the file was created before 2002. That is, it is implausible that Rivers would have named the file, said to be created in 2000-01, for an artist whose unauthorized use of it would not become known to him before 2003.

[4]We note that after the briefing was complete on the motion to set aside judgment, plaintiffs submitted the declarations of Adam Kelly, a forensic computer examiner, and Jeff Rudzki, a computer technician. R. 342 and R. 350, respectively. Both Rudzki and Kelly purportedly examined the same zip disk examined by Potrafka, but unlike Potrafka, they each found 512 files on it. Neither Kelly's nor Rudzki's listing of files included a file named Ess Beats. Neither of these declarants examined the contents of any of the files, neither identified Ess Beats as being one of the files, and neither offered an opinion as to when the files were created. Thus, Kelly's and Rudzki's declarations raise a question as to whether they examined the same disk as Potrafka and, if so, why they were able to find data when he was not. Yet, these declarations offer no support for the merits of plaintiffs'

report, we would not conclude that the court was obliged to set aside its earlier dismissal of the case as a sanction for the other instances of misconduct.

Accordingly, we find no abuse of discretion in the district court's refusal to grant relief under Rule 60(d)(3) based on suspicions stemming from the lack of an actual signature on Potrafka's report, the number of hours defendants' counsel spent with Potrafka, and the size of the fee Potrafka charged them.[5]

## C. Defendants' Use of a Second Musicologist

Defendants retained the services of musicologist Anthony Ricigliano to compare and analyze Ess Beats and the accused rhythm line in "Shot Down." He concluded "that although the composition *Shot Down* and the work *Ess Beats* both contain essentially the same musical material in the accompaniment, they are overall two distinctively different recordings." R. 327, ex. B, Ricigliano Report, p. 1. Ricigliano was not defendants' first choice of a musicology expert. They initially listed Lawrence Ferrara, Ph.D., as their musicologist. In the course of deposing another witness, however, defendants' counsel learned that Ferrara had already been contacted in relation

---

claim and, even if they are deemed to refute one of Potrafka's four opinions (i.e., that Rivers' zip disk contained no data), they do not significantly undermine the remaining reasons cited for dismissal as a sanction for abusive litigation.

[5]For the same reasons, we also find no merit in plaintiffs' challenge to the district court's refusals to: (1) compel defendants to produce a signed copy of Potrafka's report, (2) compel testimony from Potrafka authenticating his report, and (3) order defendants to preserve evidence of the data on which Potrafka's report was premised. Again, the court did not abuse its discretion in concluding that plaintiffs had failed to show cause to disturb the finality of the judgment. Nor is this conclusion affected by defendants' counsel's concession that Potrafka's report did not bear an ink signature. We therefore deny plaintiffs' post-oral-argument motion to remand based on "newly discovered evidence."

to this case by one of plaintiffs' counsel. Defendants therefore sought and obtained the district court's permission to retain Ricigliano.

Plaintiffs contend the billing records expose the falsity of this reason for retaining a second expert. They contend the records show that defendants' counsel made contact with Ricigliano months before they became aware of Ferrara's conflict and then ultimately spent thirty hours with him in finalizing his report. Plaintiffs thus argue that the given reason for switching experts was fraudulent and that defendants really retained Ricigliano because they were unhappy with Ferraro's opinion.

Again, plaintiffs' suspicions of wrongdoing are not supported by any evidence, much less clear and convincing evidence. As the district court observed, in pretrial proceedings, "[c]hanging expert witnesses is not encouraged, but it's — but it's not particularly unusual." R. 356, Hearing TR. at 28. Nor is there evidence suggesting Ricigliano's report is anything but an accurate account of *his* expert opinion. We find no abuse of discretion in the district court's rejection of this argument.

In sum, we find no error in the district court's refusal to set aside its judgment based on plaintiffs' arguments of fraud on the court.

## II. Appeal No. 10-2073

Plaintiffs' second appeal challenges the district court's award of attorney's fees. On August 13, 2008, the district court conducted a hearing on several post-judgment motions, including defendants' motion for attorney's fees. The court took the motions under advisement and issued an opinion and order two days later holding that defendants were entitled to recover their attorney's fees

as prevailing parties under the Copyright Act, 17 U.S.C. § 505, and under 28 U.S.C. § 1927, because plaintiffs vexatiously multiplied proceedings during discovery. R. 271, Opinion and Order at 15-17. The court stated: "In the present case the Court has little trouble concluding that the plaintiffs and their counsel should be held jointly and severally liable for the defendants' costs and fees." *Id.* at 17. The court further stated: "There likely is cause to hold attorney Gregory Reed accountable for at least a portion of the fees and expenses . . . " *Id.* at 17-18. The court left open and referred the questions of (a) the amount of fees and costs recoverable, and (b) whether plaintiffs' counsel should be held personally accountable for any or all of those fees and expenses, to the magistrate judge for preparation of a report and recommendation. *Id.* at 20. The magistrate judge conducted a hearing and issued his report and recommendation, recommending defendants be awarded a total of $546,199.89 in attorney's fees and costs. R. 320, Report and Recommendation at 34-35. He also recommended that responsibility for most of these fees and costs be shared jointly and severally by plaintiffs and their attorney Gregory Reed, but that Reed alone be held personally liable for expert witness fees totaling $28,467.56. *Id.* The district court overruled plaintiffs' objections and adopted the report and recommendation on July 23, 2010. R. 363, Opinion and Order. We review for abuse of discretion. *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008); *Hall v. Liberty Life Assurance Co. of Boston*, 595 F.3d 270, 275 (6th Cir. 2010).

**A. Referral under 28 U.S.C. § 636(b)(1)(A)**

Plaintiffs contend the district court erred as a matter of law when it referred the attorney's fees matter to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiffs argue that § 636(b)(1)(A) applies only to pretrial matters, not a post-judgment motion for attorney's fees.

Further, the referral of the motion for attorney's fees under § 636(b)(1)(A) "*to hear and determine any pretrial matter*" is said to be erroneous because the magistrate judge lacked authority to determine fees and costs. *See Massey v. City of Ferndale*, 7 F.3d 506, 510-11 (6th Cir. 1993).

Technically, plaintiffs are right. The district court should have made the referral under § 636(b)(3), which is broad enough to encompass post-judgment motions. *See*, *e.g.*, *Callier v. Gray*, 167 F.3d 977, 983 (6th Cir. 1999) (upholding a district court's referral for determination of damages to a magistrate judge under § 636(b)(3)). However, this technical or clerical error in the district court's order resulted in no substantive prejudice. For although the district court inadvertently cited the wrong subsection, the court's order specifically directed the magistrate judge to "prepare a report and recommendation." R. 271, Opinion and Order at 20. "A Magistrate Judge is not permitted to determine costs or fees, but may make a report and recommendation to the district court on such issues." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) (citing *Massey*, 7 F.3d at 510). And indeed, consistent with the district court's order, the magistrate judge conducted a hearing and prepared a report and recommendation. The parties were then given opportunity to file objections. Plaintiffs did so, and their objections were subject to de novo review by the district judge, in accordance with § 636(b), before final disposition. Plaintiffs raised this very objection and the district court clearly and properly explained why it was meritless. We agree. Despite the order's citation of the wrong subsection, the procedure actually followed by the magistrate judge and district judge was entirely consonant with the law.

## B. De Novo Review of Objections

Plaintiffs contend the district court did not really undertake de novo review of all their objections. Indeed, the district court properly refused to revisit prior rulings that had become law of the case under the auspices of objections to a report and recommendation whose purpose was limited to determining the amounts of fees and costs recoverable by defendants and the extent of plaintiffs' counsel's liability therefor. Consistent with the order of reference, the recommended findings in the 36-page report and recommendation were properly limited to these questions. *These* are the findings to which plaintiffs were permitted to lodge objections under 28 U.S.C. § 636(b). Yet, the district court noted that plaintiffs filed no objection to the magistrate judge's recommended findings regarding the reasonableness of the hours claimed and the reasonable hourly rate recoverable. "Instead, the plaintiffs' objections focus on procedural issues and other matters already decided by this Court and affirmed on appeal." R. 363, Opinion and Order at 12.

Plaintiffs misconstrue their entitlement to de novo review of objected-to recommended findings as entitling them to reconsideration of issues over which the magistrate judge had no authority. The district court properly refrained from addressing such inapposite objections, many of which were based on the same arguments that plaintiffs used to support their motion to set aside the judgment for fraud on the court. The district court, quite appropriately, addressed those arguments in the context of the motion to set aside the judgment. As explained above, its denial of that motion has not been shown to be an abuse of discretion.

Plaintiffs further complain, in relation to objections the district court did address, that the court's summary explanations of its reasons for overruling the objections do not satisfy the "de novo

review" requirement. To be sure, the district court "cannot simply 'concur' in the magistrate's findings, but it must conduct its own review in order to adopt the recommendations." *McCombs*, 395 F.3d at 360. Yet, ordinarily, absent evidence to the contrary, the district court's statement that it conducted de novo review is deemed sufficient to show compliance with the requirement. *Pinkston v. Madry*, 440 F.3d 879, 894 (7th Cir. 2006); *Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 381-82 (5th Cir. 2004). Moreover, the filing of an objection does not oblige the district court to ignore the report and recommendation; it requires the court to give fresh consideration to the finding objected to insofar as the objection impugns the integrity of the finding. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).

Here, the 36-page report and recommendation includes a thorough explanation for the recommended disposition. The district court was not required to recapitulate this reasoning in addressing plaintiffs' objections, but only to augment it as needed to fairly address plaintiffs' objections. In our opinion, the district court adequately did so in addressing plaintiffs' objections. R. 363, Opinion and Order at 15-18. The district court's reasoning, though terse, is clear and confirms that it undertook the required de novo review. We find no abuse of discretion in the court's failure to make more explicit findings.

### C. Evidence of Abusive Litigation

Plaintiffs contend the record does not justify imposition of sanctions for having "unreasonably and vexatiously" multiplied proceedings under 28 U.S.C. § 1927. To the extent plaintiffs challenge the magistrate judge's report and recommendation in this regard, their objection is inapposite. Defendants' entitlement to fees and costs under § 1927 had already been decided by

the district court and the magistrate judge had no authority to revisit or undermine the district court's earlier holding that defendants were entitled to fees and costs under § 1927.

The magistrate judge took note of the instances of misconduct catalogued in the district court's summary judgment/dismissal ruling. R. 320, Report and Recommendation at 6-7. Echoing the district court's earlier conclusion, the magistrate judge observed:

> I am fully persuaded that Mr. Reed's deceptive and indefensible manipulation of the purported evidence in this case is responsible for the entirety of the time and effort Defendants were obliged to expend in their defense of a highly questionable, if not frivolous, copyright claim. Had an honest and competent evaluation of the evidence been undertaken prior to the filing of the Complaint, it is likely that no court action would have been filed. I view this case as a perfect example of a circumstance warranting the imposition of an award of costs, expenses and attorneys' fees under 28 U.S.C. § 1927.

*Id.* at 8. The magistrate judge thus explained, consonant with the district court's earlier holding, why defendants were entitled to recover for the entirety of their time and effort.

Plaintiffs' contention that the district court abused its discretion by refusing to specifically reconsider the grounds for its earlier ruling that fees and expenses should be awarded both under the Copyright Act and as a sanction is also unavailing. The district court based the § 1927 award of fees and costs largely on the same circumstances that justified dismissal of the complaint. This dismissal has been upheld on appeal and we see nothing in the subsequent proceedings to undermine the determination that discovery abuses justifying sanctions took place. Further, we have already explained that plaintiffs' continuing efforts to have the district court's summary judgment/dismissal ruling set aside are ineffectual. Accordingly, we reject this claim of error as inapposite and meritless.

### D. Defendant Nassar as Prevailing Party

Plaintiffs maintain that the summary judgment ruling in favor of defendants based on technical differences between the sound recordings of Ess Beats and the accused rhythm line in "Shot Down" is an insufficient basis for holding defendant Salaam Nassar a "prevailing party" under the Copyright Act. Again, Nassar's prevailing party status was established in the district court's summary judgment ruling in March 2008, a judgment that has since been affirmed on appeal. Plaintiffs cannot challenge this ruling through this appeal attacking the court's attorney's fees award.

### E. Procedural Challenge to § 1927 Sanctions

Finally, plaintiffs contend it was an abuse of discretion for the district court to approve the recommended award of attorney's fees and costs under 28 U.S.C. § 1927 where the procedure leading up to the court's August 2008 ruling that defendants were entitled to such sanctions was defective and tainted by the district judge's bias.

The procedure is said to have been flawed in that plaintiffs' counsel were not afforded prior notice that *they*, as opposed to their clients, could be held liable for § 1927 sanctions. This claim is meritless. Defendants, in their written motion for attorney's fees under § 1927, addressed by the district court in the hearing conducted on August 13, 2008, expressly asked and argued for imposition of sanctions on plaintiffs *and their counsel*, specifically, "Gregory Reed; Gregory J. Reed & Associates, P.C.; Stephanie L. Hammonds; and the Law Office of Stephanie L. Hammonds." R. 252, Defendants' Motion for Attorney's Fees and Costs at 12-15. Defendants' request that plaintiffs *and their counsel* be held liable was reiterated at the hearing. R. 273, Hearing Tr. at 7. Plaintiffs'

counsel were clearly on notice that sanctions were sought based on their own misconduct and that the question of *their* liability for such sanctions was before the district court.

That plaintiffs' counsel were aware of this possibility is confirmed by their briefing in opposition to the motion, wherein they specifically argued that defendants were not entitled to an award of "Attorney Fees Against Plaintiffs and their Counsel." R. 257, Plaintiffs' Response in Opposition at 13-19. When given an opportunity to respond to the motion at the hearing in the district court, plaintiffs' counsel relied largely on their briefing, but also pointed out that defendants' counsel were responsible for multiplying and protracting proceedings. R. 273, Hearing Tr. at 16-20. The record thus discloses that plaintiffs' counsel had ample opportunity to contest their liability before the district court issued its ruling that plaintiffs and their counsel were jointly and severally liable. R. 271, Opinion and Order at 17, 20.

Further, plaintiffs' counsel had ample opportunity to challenge the specific fees and costs claimed by defendants in the hearing conducted by the magistrate judge on January 9, 2009. R. 318, Hearing Tr. at 19-40, 42-47. Then, after the magistrate judge issued his report and recommendation on November 5, 2009, plaintiffs' counsel took full advantage of their opportunity to file objections. *See* R. 321, Objections; R. 323, Supplemental Objections; R. 326, Second Supplemental Objections. The district court finally overruled the objections and awarded attorney's fees to defendants in accordance with the report and recommendation on July 23, 2010. R. 363, Opinion and Order. We therefore conclude that plaintiffs and their counsel received fair notice and opportunity to be heard before attorney's fees were awarded.

Finally, the question of the district judge's alleged bias plays no role in this appeal. Plaintiffs' motion to disqualify the Honorable David M. Lawson was, pursuant to E.D. Mich. L.R. 83.11(d), referred to and denied by another district judge, the Honorable Stephen J. Murphy, in November 2008. R. 309, Order Denying Motion to Disqualify. That order was affirmed by the Sixth Circuit in the earlier appeal. *Fharmacy Records*, 379 F. App'x at 527. There are no grounds to reconsider this "law of the case" in this appeal.

### III. Conclusion

Thus, finding no merit in any of plaintiffs' claims of error, we **AFFIRM** both the district court's denial of the motion to set aside the judgment and the district court's award of attorney's fees and costs.