NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0508n.06

No. 16-2617

**FILED**
Aug 31, 2017
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARY MA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| AMERICAN ELECTRIC POWER CO., INC., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:     BATCHELDER, GIBBONS, and COOK, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Mary Ma appeals the district court's order

awarding costs to American Electric Power Company, Inc. (AEP).  For the following reasons, we

dismiss the appeal and remand for further proceedings consistent with this opinion.

Ma sued AEP for employment discrimination, but AEP prevailed in a bench trial.  AEP

then sought costs in the amount of $173,368.42, as is its right under 28 U.S.C. § 1920.  The

district court referred the motion to a magistrate judge, who issued an order awarding

$103,410.29 in costs to AEP.[1]  Both parties objected to the magistrate judge's order.  The district

court stated that it conducted a "careful review" of the order and that it reviewed the order under

a clear-error standard of review.  Seeing no such error, it "affirmed" the magistrate judge's order.

Ma timely appealed.

---

[1] The referral order says: "(NON-DOCUMENT) ORDER REFERRING MOTION for order *to disallow bill of costs (as taken from 231* to Magistrate Judge Ray Kent pursuant to 28 U.S.C. 636(b)(1)(A)."

We review an award of costs for abuse of discretion. *See McCombs v. Meijer, Inc.*, 395 F.3d 346, 359–60 (6th Cir. 2005). "Generally, an abuse of discretion is evident when the reviewing court is firmly convinced that a mistake has been made. A district court abuses its discretion when it . . . uses an erroneous legal standard." *Ross v. Duggan*, 402 F.3d 575, 581 (6th Cir. 2004) (quotation marks and citation omitted).

In this case, we must determine whether the district court followed the proper procedures in referring the motion to the magistrate judge and in reviewing the magistrate judge's opinion. The following principles govern our analysis:

> A Magistrate Judge is not permitted to determine costs or fees, but may make a report and recommendation to the district court on such issues. After being presented with the Magistrate Judge's report and recommendation, the district court must then conduct a de novo review of the findings and issue an order as it sees fit. The district court cannot simply "concur" in the magistrate's findings, but it must conduct its own review in order to adopt the recommendations.

*McCombs*, 395 F.3d at 360 (citing *Massey v. City of Ferndale*, 7 F.3d 506, 510–11 (6th Cir. 1993)).

The district court abused its discretion by failing to follow the standards established by *McCombs*. Its error was twofold—first in referral and then in review. The district court erred by referring the motion for costs under 18 U.S.C. § 636(b)(1)(A)'s authorization for magistrate judges to determine pretrial matters.[2] *McCombs* held, however, that a magistrate judge may not determine costs. Instead, we have held that the referral of a motion for costs should be under

---

[2] AEP argues that Ma has waived any contest of the referral issue because she did not raise the issue before the district court in her objections to the magistrate judge's order. *See, e.g., Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 119 (6th Cir. 2003) ("Plaintiffs did not preserve this issue for appeal as plaintiffs failed to object to the district court's designation of a magistrate judge either at the time that the district court did so or as an objection to the magistrate judge's Report and Recommendation; rather, plaintiffs first raised this issue only after the district court issued its judgment adopting the Report and Recommendation."). Even if she has waived the referral issue, we are also reversing because the district court failed to apply the proper standard of review when reviewing the magistrate judge's opinion. Ma could not have objected to the district court's standard of review until after the district court entered the order awarding costs. In any event, waiver is inconsequential due to the jurisdictional aspect of our holding.

§ 636's "additional duties" provision. *See* § 636(b)(3) ("A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."); *Fharmacy Records v. Nassar*, 465 F. App'x 448, 455–56 (6th Cir. 2012) (explaining that the district court should refer an attorney's fees and costs motion to a magistrate judge under § 636(b)(3) because that provision "is broad enough to encompass post-judgment motions"). In *Fharmacy Records*, the district court referred an attorney's fees and costs matter to the magistrate judge under § 636(b)(1)(A). *See* 465 F. App'x at 456. We held that this was technically an error, but we were satisfied that the district court properly conducted a de novo review of the magistrate judge's report and recommendation, rendering any error harmless. *Id.* ("[T]he procedure actually followed by the magistrate judge and district judge was entirely consonant with the law.").

Here, however, the district court compounded its referral error by failing to conduct de novo review. This was the district court's second error, and, unlike the first, cannot be excused because it is jurisdictional. *See Massey*, 7 F.3d at 510. Because we lack jurisdiction over this appeal, we cannot follow *Fharmacy Record*'s harmless error approach.

It is not sufficient that the district court stated that it conducted "a careful review of the record and applicable law," because that language came between recitations of a clear-error standard. If the "careful review" was for clear error as opposed to de novo, then the district court applied the wrong legal standard, thereby abusing its discretion.

The referral of Ma's motion to disallow costs to the magistrate judge should have resulted in the magistrate judge's issuing a report and recommendation subject to de novo review. The district court applied the wrong standard of review, so we cannot affirm its order granting costs. In so holding, we make no comment on the merits of Ma's arguments seeking to reduce her

costs.  Nor do we comment on the magistrate judge's analysis.  The district court must conduct a de novo review of the magistrate judge's recommendation before it is appropriate for us to review such issues.  Accordingly, we DISMISS Ma's appeal, and we REMAND the case to the district court for de novo determination of the costs issue.